UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIZZY NICKERSON,

                Plaintiff,        Civil Action No. 14-cv-10278
                                   Honorable Nancy G. Edmunds
                                   Magistrate David R. Grand

   v.

CITY OF HIGHLAND PARK
POLICE DEPARTMENT, OFFICER
OSKEN, OFFICER ROBBERSON,
                         Defendants.
_____/

**<u>REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT
<i>SUA SPONTE</i> WITH PREJUDICE AS TO DEFENDANTS CITY OF HIGHLAND
PARK POLICE DEPARTMENT, OFFICER OSKEN, AND OFFICER
ROBBERSON, BUT OTHERWISE WITHOUT PREJUDICE</u>**

**I.    RECOMMENDATION**

On January 21, 2014, plaintiff Kizzy Nickerson, proceeding *pro se*, filed a complaint in this Court apparently alleging vague claims of police brutality against Defendants City of Highland Park Police Department, "Officer Osken" and "Officer Robberson." [1].[1] She applied for *in forma pauperis* status and Marshal service of her complaint, both of which were granted. [2, 3]. Summonses were issued and service apparently was effectuated by the Marshal on the

---

[1] In some of her subsequent filings, Nickerson makes allegations against officers "Ochs" and "Schultz," though it is unclear whether she is intending to name them as defendants rather than Osken and Robberson; "Osken" and "Ochs" are somewhat similar, but the same certainly cannot be said of "Robberson" and "Schultz," and, as noted herein, Nickerson claims to have effectuated service on the defendants listed in the case caption. Furthermore, attached to at least one of her filings is what appears to be a copy of the police report associated with this matter. [43 at 3]. In that report, there are no officers by the name of "Osken" or "Robberson," though officers "Ochs" and "Schultz" are referenced. (*Id.*). Also, in some of her subsequent filings, Nickerson appears to be attempting to allege a "class action," but neither her complaint, nor any of her subsequent filings state any facts that would support such a designation. [*E.g.*, 59 (referencing "Class Action")].

City and Officer Robberson.  [14, 18].  The Marshal Service was unable to effectuate service on "Officer Osken" due to the claim by the Highland Police Department that no such officer existed.[2]  [25].

On February 5, 2014, Nickerson claims to have effectuated her own service on all three named defendants, which would have made their answers due February 26, 2014.  [10, 11, 12]. In the interim she also filed what she styled a "complaint" [13] and filed a request for entry of default judgment against the City, which was denied.  [16, 17].  On March 5, 2014, the City and Robberson appeared and filed a motion for a more definite statement.  [33].  On March 25, 2014, Nickerson filed a document entitled "More Definit [sic] Statement Oral Argument" [49], a document this Court struck as incomprehensible, along with a number of other documents that were similarly unintelligible.  [51, 52, 56].

The Court then granted the City's and Robberson's motion for more definite statement and gave Nickerson 14 days to file the same.  [56].  In its Order, the Court warned Nickerson that her failure to file a document that conformed to the liberal pleading requirements of the Federal Rules of Civil Procedure would result in her complaint being dismissed.  (*Id.*).  On March 31, April 8, April 15, and April 17, 2014, Nickerson filed documents which she apparently intended to be "more definite statements."  [57, 58, 59].  After reviewing these documents, however, the Court finds that Nickerson has still failed to plead a proper complaint against the parties identified in her original complaint, *who she claims to have served with process*, thus failing to state a claim upon which relief can be granted.  Accordingly, pursuant to 28 U.S.C. § 1915(e), the Court **RECOMMENDS** that her instant complaint be **DISMISSED** *sua sponte* **WITH PREJUDICE** as to Defendants Osken, Robberson, and the City of Highland Park Police

---

[2] However, the Marshal Service had previously returned a certificate of service for "Osken" on February 13, 2014.  [15].

Department, but with leave to amend. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (permitting *sua sponte* dismissal of IFP complaint with leave to amend).

## II. REPORT

### A. Background

To better understand exactly what the Court has been faced with in these proceedings, it is helpful to reproduce one of Nickerson's purported "more definite" statements in its entirety exactly as it was drafted:

> Failure Request Response to Court of More Definit Statment
>
> And of the City of More Definit Statement of allegation are some true. Of Kizzy Nickerson were that of the City et al… Highland Park Police Department of Highland Park Mi. At the Radio Shack of Highland Park MI were arrested of disorderly of Highland Park Police Department of Officer Ochs and Schult of Name of the Report they gave to Kizzy Nickerson of disorderly that occurred at Highland Park Police 4-3-13 that Officer Ochs and Schultz took Nickerson custody at Highland Park Police Department walk in to cell of Nickerson Officer Ochs hitting mouth of Nickerson and Ochs Schultz push Nickerson in the cell and push Nickerson had suffer broke nose busted eye and all injury's the Officer Ochs and Schultz at the Highland Park MI of 4-3-13 and grabbing of the right arm brace of Ochs hand touching breast of Nickerson arrested of Radio Shack 4-3-13 of grabbing Nickerson of the breast of Officer Ochs exting Nickerson at Radio Shack transported Nickerson and the settlement and of the new docment of 5500.000.0000.

[59].

### B. Legal Standard

As part of its duty under 28 U.S.C. § 1915(e), the District Court is required to screen cases filed *in forma pauperis* to ensure they are not frivolous, fail to state a claim upon which relief can be granted, or are seeking monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (a Court "shall dismiss the case ***at any time*** if the court determines that . . . the action . . . fails to state a claim upon which relief can be granted)

(emphasis added).

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

**C.    Analysis**

Here, Nickerson's attempt to offer a more definite statement of her claims failed to comport with Rule 8's liberal pleading requirements because it fails to state a claim upon which

4

relief can be granted against any of the presently-named defendants, each of whom she has purportedly served with process. Her original complaint made vague allegations against Officers Robberson and Osken, neither of whom is referenced in her more definite statement. Further, both her original complaint and her more definite statement fail to allege any specific allegations against the City of Highland Park Police Department. Thus, each of those defendants is clearly entitled to dismissal with prejudice pursuant to 28 U.S.C. § 1915(e).

The proper course of action is murkier with respect to Officers Ochs and Schultz who are referenced in Nickerson's more definite statement. [*E.g.*, Doc. #63]. While Nickerson's filings are difficult to follow, under a liberal reading, her most recent more definite statement [63] at least arguably provides sufficient details to satisfy Rule 8's requirements as to Ochs and Schultz. Nickerson identifies Officers Ochs and Schultz as the individuals who allegedly harmed her, provides the date and location of the events in question (April 3, 2013 at the Radio Shack store and the Highland Park Police station), states the specific alleged wrongful conduct (that Ochs hit her in the mouth, and Schultz pushed her into a cell wall), and specifies the injuries she allegedly suffered as a result ("busted eye," "broken nose," and "other injur[ies]."). [63]; *see also* Fed.R.Civ.P. 8.[3] Nickerson's civil cover sheet indicates that she is suing both for a violation of her civil rights and for personal injury (assault). [1 at 6]. While neither Nickerson's complaint nor her more definite statement specifically mentions 28 U.S.C. § 1983 as a basis for her civil

---

[3] Attached to one of Nickerson's filings is a partly-crumpled police report which details the events which allegedly occurred while Officers Ochs and Schultz were transporting Nickerson to the police station and once they arrived there. [43 at 3]. The report indicates that Nickerson was verbally and physically abusive towards the Officers. [*Id.* at 3]. It states that they in turn struck her "in the upper body areas with closed fists and attempted to gain control" over her. [*Id.*]. While the report's contents could well provide the Officers with immunity from suit, *Graham v. Connor*, 490 U.S. 386, 394–97 (1989); *Greenan v. Romeo Village Police Dept.*, 819 F.Supp. 658, 665 (E.D. Mich. 1993), the Court cannot properly address that matter on the record before it at this stage of the proceedings.

rights claim, her civil cover sheet does list the cause of action as "police brutality." [*Id.*]. In light of her allegations that Officers Ochs and Schultz were working in their capacities as police officers for the Highland Park Police Department during the incidents in question, the Court finds that Nickerson has sufficiently described a civil rights violation pursuant to 28 U.S.C. § 1983, which would confer this Court with subject matter jurisdiction. *See e.g. Morrise v. Schuette*, No. 13-11126, 2013 U.S. Dist. LEXIS 107504, *11 (E.D. Mich. July 11, 2013) (interpreting *pro se* claims as arising under § 1983 despite lack of indication in the complaint).

The question, then, is whether the Court should treat Nickerson's more definite statement as a motion to amend her complaint to substitute Officers Ochs and Schultz for the defendants the Court has recommended dismissing, or simply dismiss the instant action without prejudice as to Ochs and Schultz. While neither option is truly satisfactory, the Court finds that the latter one is preferable.

For one, Nickerson has not sought leave to amend, and the balance of her filings are so unclear that the Court is unable to construe her filings as making such a request. For instance, she refers to her complaint as a "class action," though her filings contain no information supporting such a characterization. Moreover, if the Court went this route, Nickerson would still be required to file virtually all of the same paperwork that would be required if she simply commenced a new civil action, all of which might be complicated by the extensive docket already existing in this case and by Nickerson's own limitations. The most efficient means of allowing Nickerson the opportunity to pursue any claims she may have against Officers Ochs and Schultz is to dismiss the instant action without prejudice as to them so that she may file a proper separate civil action against them if she so chooses. Fed. R. Civ. P. 1; *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

6

In sum, because Nickerson's complaint fails to allege any facts or cause of action against Officers Robberson or Osken, or against the City of Highland Park Police Department, her complaint should be dismissed with prejudice *sua sponte* against those defendants for failing to state a claim upon which relief could be granted. 28 U.S.C. § 1915(e). However, in light of the discussion above, the Court recommends that the dismissal be without prejudice as to Officers Ochs and Schultz.

### III.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Nickerson's complaint **BE DISMISSED** *sua sponte* **WITH PREJUDICE AS TO DEFENDANTS OFFICER OSKEN, OFFICER ROBBERSON, AND THE CITY OF HIGHLAND PARK POLICE DEPARTMENT, BUT DISMISSED WITHOUT PREJUDICE AS TO OFFICERS OCHS AND SCHULTZ.**

Dated: April 29, 2014                                   s/David R. Grand
Ann Arbor, Michigan                                    DAVID R. GRAND
                                                       United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991);

7

*Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

                                                s/Felicia M. Moses
                                                FELICIA M. MOSES
                                                Case Manager

Dated:  April 29, 2014